895 F.2d 1412
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James F. ANADELL, Petitioner-Appellant,
v.
Thomas J. STRICKRATH, Respondent-Appellee.
 No. 89-3026.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 1
 Before NATHANIEL R. JONES and MILBURN, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 James F. Anadell, a pro se Ohio prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a bench trial, Anadell was convicted of one count of aggravated trafficking in cocaine in violation of Ohio Rev.Code Sec. 2925.03(A)(7) with a specification of a prior conviction. He was sentenced to seven to twenty-five years imprisonment. Anadell was convicted primarily on the basis of a tape-recorded conversation between him and an undercover narcotics agent. The Ohio Court of Appeals affirmed the conviction and the Ohio Supreme Court denied discretionary review.
 
 
 4
 Thereafter, Anadell filed the instant habeas petition arguing that there was insufficient evidence to sustain his conviction because there was no evidence that he knowingly offered to sell cocaine or that he had the ability to effectuate the sale. The district court found there was sufficient evidence in the record to sustain Anadell's conviction.
 
 
 5
 Upon review, we affirm the district court's judgment. Anadell argued that the prosecution did not prove that he knowingly offered to sell cocaine or that he had the present ability to effectuate the sale. Initially, we note that the trial court excluded from evidence the entire tape recording of Anadell and the narcotics agent except for that portion transcribed at pages 31-37 of the trial transcript because that was the only portion of the tape that was disclosed to defense counsel. Upon review of that transcribed conversation, we conclude there was sufficient evidence to sustain a conviction under Ohio Rev.Code Sec. 2925.03(A)(7). Anadell and the agent discussed the going market price for various quantities of cocaine based upon the purity of the drug. Anadell also told the agent what telephone code to use when he needed to contact him. Based upon the totality of the circumstances, we conclude that any rational trier of fact could have found that Anadell did in fact declare a willingness to sell the requisite amount of cocaine. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Patterson, 69 Ohio St.2d 445, 447, 432 N.E.2d 802 (1982) (per curiam); State v. Scott, 69 Ohio St.2d 439, 440, 432 N.E.2d 798 (1982). Moreover, Ohio law does not require that the prosecution prove an ability to transfer the drugs. See Scott, 69 Ohio St.2d at 440.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation